IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD LEE DOBBINS                                          )

ALEXANDRA KATHERINE BURWELL-DOBBINS      )

STEPHANIE BURWELL-GUZIK                              )

BRANDAN J. JOHNS                                             )

JOHN R. JOHNS                                                    )

ROSEMARY JOHNS                                              )

MARY BETH HUSING                                           )

BENJAMIN SHANE SAMPLES                             )

CAROL SAMPLES                                                )

MEREDITH KITCHEN                                          )

SANDRA CONARD                                               )

MAXAMINNEO KING                                          )

CYKIA KENYATTA KING                                    )

SUMMER G. FLEMING                                        )

ALLAN RALPH ACETO                                        )

AMY KAYE ZIEGLER                                          )

SHERYL ZIEGLER                                               )

SARAH NORDIN                                                   )

RHONDA RENE CRABTREE                                )

ANDREW L. ZIEGLER                                         )

GARY LEINENBACH                                            )

GARY LEINENBACH, JR.                          )

SHANNON R. LEINENBACH                         )

BRUCE AKINS                                   )

CAROLYN WELLS KUHN                            )

KAREN ERDMAN                                  )

ANTHONY COREY WINTER                          )

SHANNON STILES                                )

RICARDO G. TEJADA, Sr.                        )

NORBERTO MANRIQUE, Jr.                        )
                                              )
    Plaintiffs,                               )
                                              )
    v.                                        ) Case No. 24-cv-3271 (BAH)
                                              )
THE ISLAMIC REPUBLIC OF IRAN                  )
    c/o Ministry of Foreign Affairs,          )
    Imam Khomeini Avenue                      )
    Imam Khomeini Square                      )
    Tehran, Iran                              )
                                              )
                                              )
    Defendant.                                )

## <u>AMENDED COMPLAINT</u>

Plaintiffs bring this case against Defendant The Islamic Republic of Iran for damages arising out of the June 25, 1996, terrorist attack on the Khobar Towers complex in Dhahran, Saudi Arabia. On that day, Hizballah terrorists detonated a 5,000-pound truck bomb outside the complex, which housed United States military personnel. The blast from this bomb sheared off the entire face of one building of the Khobar Towers complex and shattered windows up to a half

mile away.  The blast killed nineteen Air Force servicemen and injured many others, some severely.

Plaintiffs here are four service member survivors of the attack, nine of their immediate family members, and seventeen immediate family members of other service member survivors of the attack who have previously received judgments against Iran from this Court  They seek damages under the Foreign Sovereign Immunities Act, 28 U.S.C. Section 1605A(c), and under other applicable state and federal law, and move for judgment against Defendant The Islamic Republic of Iran. In support of their Complaint Plaintiffs allege as follows:

I.

## JURISDICTION and VENUE

1.  This Court has jurisdiction over this matter and over Defendant pursuant to 28 U.S.C. Sections 1330-1332 and 1605A.

2. This District is the proper venue pursuant to 28 U.S.C. Section 1391(f)(4).

II.

## THE PARTIES

Plaintiffs

3.  Plaintiff Richard Lee Dobbins served in the 79th Fighter Squadron based at Shaw Air Force Base in South Carolina and was doing a tour of duty at the U.S. Air Force Base in Dhahran Saudi Arabia  in June 1996.   He was and is a United States citizen and is a resident of Georgia. He was asleep in his quarters at the Khobar Towers residential complex when the blast hit, but was shaken awake to a scene of horror.  When he went outside he realized he had to help others.

He helped pull the dead bodies of his comrades from the rubble.  Because of a shortage of medical personnel, he was also asked to help sew up and stitch the walking wounded in the makeshift first aid station set up in the dining hall.  Since then, he has had many symptoms of PTSD and has sought and received treatment for PTSD.

4.  Plaintiff Alexandra Katherine Burwell-Dobbins is Richard Dobbins' daughter.  She was and is a United States citizen.  She suffered personal injury, pain and suffering, and emotional distress as result of the harm inflicted upon her father by the terrorist attack when she was four years old and as a result of the changes in him caused by the attack.

5.  Plaintiff Stephanie Burwell-Guzik is Richard Dobbins' ex-wife who was married to him at the time of the attack.  She was and is a United States citizen.  She suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on her husband Richard Dobbins at the time, and as a result of the changes in him caused by the attack.

6.  Plaintiff  Brandan J. Johns was with the 58th Fighter Squadron based at Eglin Air Force Base in Florida.  He was doing a tour of duty at the U.S. Airforce Base in Dhahran, Saudi Arabia in June 1996.  He was and is a United States citizen residing in Florida.  He was sleeping in bed when the blast hit and woke up feeling as though his body was on fire.  The window had blown in and he had cuts and bleeding wounds on his arm and back, and the broken glass cut his bare feet when he got out of bed.  He had concussion symptoms for weeks afterwards.  He hurried out to try to help others, including his roommate who had seemingly shut down and needed help to leave the room.  He saw many of his close friends with terrible wounds and helped those that he could to reach the first aid station that was being set up in the dining hall. There was water from burst pipes everywhere.  There was also blood and marks of blood everywhere.  He later learned that his close friend and roommate at Eglin, Brent Marthaler, was

4

among the dead.  He has many symptoms of PTSD and has sought treatment and a disability rating from the VA.

7.  Plaintiff John R. Johns is Brandan Johns' father. He was and is a United States citizen. He suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on his son Brandan Johns at the time of the attack, and as a result of the changes in him caused by the attack.

8.  Plaintiff Rosemary Johns is Brandan Johns' mother. She was and is a United States citizen.  She suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on her son Brandan Johns at the time of the attack, and as a result of the changes in him caused by the attack.

9.  Plaintiff Mary Beth Husing is Brandan Johns' sister.  She was and is a United States citizen. She suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on her brother Brandan Johns at the time of the attack, and as a result of the changes in him caused by the attack.

10.  Plaintiff Benjamin Shane Samples was serving with the USAF Security Police at the U.S. Airforce Base in Dhahran, Saudi Arabia in June 1996.  He was and is a United States citizen.  He was assigned a tour of duty there from Mountain Home Air Force Base in Idaho.  He was on patrol at the time of the explosion at the gate to the Khobar Towers complex opposite from where the truck bomb detonated.  He rushed toward the blast site to help where he could. There were many very badly wounded service members.  The experience was extremely traumatizing.  Since that time, he has suffered from PTSD and has a disability rating from the Veterans Administration (VA) based on his PTSD.

11. Plaintiff Carol Samples is Benjamin Samples' mother. She was and is a United States citizen. She suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on her son Benjamin Samples at the time of the attack, and as a result of the changes in him caused by the attack.

12. Plaintiff Meredith Kitchen is Benjamin Samples' sister. She was and is a United States citizen. She suffered substantial personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on her brother Benjamin Samples at the time of the attack, and as a result of the changes in him caused by the attack.

13. Plaintiff Sandra Conard is Benjamin Samples ex-wife who was married to him at the time of the attack. She was and is a United States citizen. She suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on her husband Benjamin Samples at the time of the attack, and as a result of the changes in him caused by the attack.

14. Plaintiff Maxaminneo King was one of several Army service members assigned to a tour of duty at the U.S. Airforce Base in Dhahran, Saudi Arabia in June 1996. He was sleeping in his bed at the Khobar Towers when the attack happened. He woke up to realize there had been a huge blast. The window in his bedroom had blown in, and the large and heavy window-mounted air conditioning unit had landed right next to his head on the bed. Had it landed a few inches over, it would have crushed his head. After the blast, he helped set up emergency communications for the base commander to speak with other officials. He received an Air Force Achievement Medal with Valor for his actions. He is currently receiving treatment for PTSD and has a disability rating from the VA based on his PTSD.

15. Plaintiff Cykia Kenyatta King is Maxammineo King's daughter. She was about 12 at the time of the terrorist attack. She was and is a United States citizen. She suffered substantial personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on her father Maxaminneo King at the time of the attack, and as a result of the changes in him caused by the attack.

16. Plaintiff Summer G. Fleming is the sister of service member Shelly Cohen, who was awarded damages by this Court in *Aceto v. Islamic Republic of Iran*, No. 19-cv-464, 2020 WL 619925 (D.D.C. Feb. 7, 2020)(Howell, C.J.), for the injuries Shelley Cohen suffered at the Khobar Towers attack. Ms. Fleming was and is a United States citizen. She suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on her sister Shelley Cohen at the time of the attack, and as a result of the changes in her caused by the attack.

17. Plaintiff Allan Ralph Aceto is the brother of service member Steven Aceto, who was awarded damages by this Court in *Aceto v. Islamic Republic of Iran*, No. 19-cv-464, 2020 WL 619925 (D.D.C. Feb. 7, 2020)(Howell, C.J.), for the injuries Steven suffered at the Khobar Towers attack. Allan Aceto was and is a United States citizen. He suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on his brother Steven at the time of the attack, and as a result of the changes in him caused by the attack.

18. Plaintiff Amy Kaye Ziegler is the sister of service member Eric Ziegler, who was awarded damages by this Court in *Akins v. Islamic Republic of Iran,* 332 F. Supp. 3d 1 (D.D.C. 2018) (Howell, C.J.) for the injuries suffered by him at the Khobar Towers attack. Amy Ziegler was and is a United States citizen. She suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on her brother Eric Ziegler at the time of the attack, and as a result of the changes in him caused by the attack.

19.  Plaintiff Rhonda Rene Crabtree is the sister of Eric Ziegler, who was awarded damages by this Court in *Akins v. Islamic Republic of Iran,* 332 F. Supp. 3d 1 (D.D.C. 2018) (Howell, C.J.) for the injuries suffered by him at the Khobar Towers attack.  Rhonda Crabtree was and is a United States citizen. She suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on her brother Eric Ziegler at the time of the attack, and as a result of the changes in him caused by the attack.

20.  Plaintiff Sarah Nordin is a daughter of Eric Ziegler, who was awarded damages by this Court in *Akins v. Islamic Republic of Iran,* 332 F. Supp. 3d 1 (D.D.C. 2018) (Howell, C.J.) for the injuries suffered by him at the Khobar Towers attack.  Sarah Nordin was and is a United States citizen. She suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on her father Eric Ziegler at the time of the attack, and as a result of the changes in him caused by the attack.

21.  Plaintiff Andrew L. Ziegler is a brother of Eic Ziegler, who was awarded damages by this Court in *Akins v. Islamic Republic of Iran,* 332 F. Supp. 3d 1 (D.D.C. 2018) (Howell, C.J.) for the injuries suffered by him at the Khobar Towers attack.  Andrew Ziegler was and is a United States citizen. He suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on his brother Eric Ziegler at the time of the attack, and as a result of the changes in him caused by the attack.

22.  Plaintiff Sheryl Ziegler is the mother of Eric Ziegler, who was awarded damages by this Court in *Akins v. Islamic Republic of Iran,* 332 F. Supp. 3d 1 (D.D.C. 2018) (Howell, C.J.) for the injuries suffered by him at the Khobar Towers attack.  Sheryl Ziegler was and is a United States citizen. She suffered personal injury, pain and suffering, and emotional distress as a result

of the harm inflicted on her son Eric Ziegler at the time of the attack, and as a result of the changes in him caused by the attack.

23.   Plaintiff Bruce Akins is the brother of service member Todd Akins, who was awarded damages by this Court in *Akins v. Islamic Republic of Iran,* 332 F. Supp. 3d 1 (D.D.C. 2018) (Howell, C.J.) for the injuries suffered by him at the Khobar Towers attack.  Bruce Akins was and is a United States citizen. He suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on his brother Todd Akins at the time of the attack, and as a result of the changes in him caused by the attack.

24.   Plaintiff Carolyn Wells Kuhn is the mother of Todd Akins, who was awarded damages by this Court in *Akins v. Islamic Republic of Iran,* 332 F. Supp. 3d 1 (D.D.C. 2018) (Howell, C.J.) for the injuries suffered by him at the Khobar Towers attack.  Carolyn Wells Kuhn was and is a United States citizen. She suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on her son Todd Akins at the time of the attack, and as a result of the changes in him caused by the attack.

25.   Plaintiff Karen Erdman is the sister of Todd Akins, who was awarded damages by this Court in *Akins v. Islamic Republic of Iran,* 332 F. Supp. 3d 1 (D.D.C. 2018) (Howell, C.J.) for the injuries suffered by him at the Khobar Towers attack.  Karen Erdman was and is a United States citizen. She suffered personal injury, pain and suffereing, and emotional distress as a result of the harm inflicted on her brother Todd Akins at the time of the attack, and as a result of the changes in him caused by the attack.

26.   Plaintiff Gary Leinenbach is the father of service member Greg Leinenbach, who was awarded damages by this Court in *Akins v. Islamic Republic of Iran,* 332 F. Supp. 3d 1

(D.D.C. 2018) (Howell, C.J.) for the injuries suffered by him at the Khobar Towers attack. Gary Leinenbach was and is a United States citizen. He suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on his son Greg Leinenbach at the time of the attack, and as a result of the changes in him caused by the attack.

27. Plaintiff Gary Leinenbach, Jr., is the brother of Greg Leinenbach, who was awarded damages by this Court in *Akins v. Islamic Republic of Iran,* 332 F. Supp. 3d 1 (D.D.C. 2018) (Howell, C.J.) for the injuries suffered by him at the Khobar Towers attack. Gary Leinenbach Jr. was and is a United States citizen. He suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on his brother Greg Leinenbach at the time of the attack, and as a result of the changes in him caused by the attack.

28. Plaintiff Shannon R. Leinenbach is the sister of Greg Leinenbach, who was awarded damages by this Court in *Akins v. Islamic Republic of Iran,* 332 F. Supp. 3d 1 (D.D.C. 2018) (Howell, C.J.) for the injuries suffered by him at the Khobar Towers attack. Shannon Leinenbach was and is a United States citizen. She suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on her brother Greg Leinenbach at the time of the attack, and as a result of the changes in him caused by the attack.

29. Plaintiff Anthony Corey Winter is the brother of service member Tracy Winter, who was awarded damages by this Court in *Akins v. Islamic Republic of Iran,* 332 F. Supp. 3d 1 (D.D.C. 2018) (Howell, C.J.) for the injuries suffered by him at the Khobar Towers attack. Anthony Corey Winter was and is a United States citizen. He suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on his brother Tracy Winter at the time of the attack, and as a result of the changes in him caused by the attack.

30.  Plaintiff Shannon Stiles is the sister of Tracy Winter, who was awarded damages by this Court in *Akins v. Islamic Republic of Iran,* 332 F. Supp. 3d 1 (D.D.C. 2018) (Howell, C.J.) for the injuries suffered by him at the Khobar Towers attack.  Shannon Stiles was and is a United States citizen. She suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on her brother Tracy Winter at the time of the attack, and as a result of the changes in him caused by the attack.

31.  Plaintiff Ricardo G. Tejada, Sr. is the father of service member Cielito Valencia, who was awarded damages by this Court in *Valencia v. Islamic Republic of Iran*, 774 F. Supp.2d 1 (D.D.C. 2010) (RCL) for injuries suffered by him at the Khobar Towers attack.  Mr. Valencia was and is a citizen of the United States.  Plaintiff Tejada was and is a citizen of the Philippines. Plaintiff Tejada suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on his son Cielito Valencia at the time of the attack, and as a result of the injuries and other changes in him caused by the attack.

32.  Plaintiff Norberto Manrique Jr. is the brother of service member Juan Antonio Manrique, who was awarded damages by this Court in *Thole v. Islamic Republic of Iran*, No. 23-cv-00793, 2024 WL 2208208 (D.D.C. May 16, 2024) (Howell, J.), for injuries suffered by him at the Khobar Towers attack.  Plaintiff Norberto Manrique was and is a United States citizen.  He suffered personal injury, pain and suffering, and emotional distress as a result of the harm inflicted on his brother Juan Antonio Manrique at the time of the attack, and as a result of the changes in him caused by the attack.

Defendant

33.  Defendant the Islamic Republic of Iran (hereinafter also referred to as "Iran"), is a foreign state that has been designated a state sponsor of international terrorism within the

meaning of section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)) and

section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371) and section 40 of the Arms

Export Control Act, 22 U.S.C. § 2780, since January 19, 1984. The Islamic Republic of Iran

provides material support and resources to Hezbollah, a politico-paramilitary terrorist

organization, by providing it with funding, direction and training for its terrorist activities.

    34.   The Islamic Republic of Iran has been found to be liable as a foreign state supporting

international terrorism under the predecessor statute to 28 USC Section 1605A, 28 U.S.C. §

1605(a)(7), to victims of state sponsored terrorism for the acts and actions of defendant

Hezbollah in cases before this Court, including *Anderson v. The Islamic Republic of Iran,* 90 F.

Supp. 2d 107 (D.D.C. 2000) and *Cicippio v. The Islamic Republic of Iran,* 18 F. Supp. 2d 62

(D.D.C. 1998).  Iran has also been found liable for the same terrorist attack of June 25, 1996, at

the Khobar Towers at issue here.  *Blais v. Islamic Republic of Iran, et al.*, 459 F. Supp. 2d 40

(D.D.C. 2006); *Estate of Heiser v. Islamic Republic of Iran*, 466 F. Supp. 2d 229 (D.D.C. 2006).

*Rimkus v. Islamic Republic of Iran*, 750 F. Supp. 2d 163 (D.D.C. 2010);  *Akins v. Islamic*

*Republic of Iran*, 332 F. Supp. 3d 1 (D.D.C. 2018) (Howell, C.J.); *Schooley v. Islamic Republic*

*of Iran*, No. 17-cv-1376, 2019 WL 2717888 (D.D.C. June 27, 2019) (Howell, C.J.); *Aceto v.*

*Islamic Republic of Iran*, No. 19-cv-464, 2020 WL 619925 (Howell, C.J.); *Christie v. Islamic*

*Republic of Iran*, No. 19-cv-1289, 2020 WL 3606273 (D.D.C. July 2, 2020) (Howell, C.J.);

*Blank v. Islamic Republic of Iran*, No. 19-cv-3645, 2021 WL 3021450 (D.D.C. July 17, 2021)

(Howell, C.J.); *Ackley v. Islamic Republic of Iran*, No. 20-cv-621, 2022 WL 3354720 (D.D.C.

Aug. 12, 2022) (Howell, C.J.)  *Estate of Johnson*, No. 23-cv-01689, 2024 WL 3225954 (D.D.C.

June 28, 2024) (Howell, J.); *Thole v. Islamic Republic of Iran*, No. 23-cv-00793, 2024 WL

2208208 (D.D.C. May 16, 2024) (Howell, J.); *Gration v. Islamic Republic of Iran*, No. 21-cv-

01859, 2023 WL 5221955 (D.D.C. Aug. 15, 2023) (Howell, J.); *Mustard v. Islamic Republic of Iran*, No. 21-cv-00163, 2023 WL 1778193 (D.D.C. Feb. 6, 2023) (Howell, C.J.). Accordingly, defendant the Islamic Republic of Iran is collaterally estopped in this action from denying that it is liable for the acts and actions of Hezbollah in carrying out the terrorist attack at issue here.

35.  Defendant Iran sometimes acted through its political subdivision and instrumentality the Iranian Islamic Revolutionary Guard Corps, also known as Pasdaran or IRGC (hereinafter referred to as "IRGC"), which is a military organization and a branch of the Islamic Republic of Iran. The IRGC has evolved into one of the most powerful organizations in Iran. The IRGC functions as an intelligence organization, both within and outside the country of Iran. The IRGC exerts considerable influence on the government policies of Iran. In addition, the IRGC has become a powerful military instrument for defending the Islamic fundamentalist revolution and Islamic Republic of Iran and is dedicated to the export of Islamic Fundamentalism principles throughout the world through acts of terrorism. The IRGC is the arm through which Iran prepared and oversaw the actions relating to the bomb attack on the Khobar Towers of Dhahran, Saudi Arabia on June 25, 1996. The IRGC, as an agent and political arm of the Islamic Republic of Iran, performed acts within the scope of its agency, each within the meaning of 28 U.S.C. § 1605A, as a conduit for the Islamic Republic of Iran's provision of funds, training and direction to defendant Hezbollah for its terrorist activities in Saudi Arabia that caused the injuries to plaintiffs herein. The IRGC has been found liable by this Court for the same terrorist attack at issue here. Blais v. Islamic Republic of Iran, et al., 459 F. Supp. 2d 40 (D.D.C. 2006); Estate of Heiser v. Islamic Republic of Iran, 466 F. Supp. 2d 229 (D.D.C. 2006).

36.  Hezbollah was formed by Iran utilizing IRGC assets as an organization to export Islamic fundamentalism to other Middle Eastern countries and the world through acts of

terrorism, including, but not limited to, the actions relating to the bomb attack in the Khobar section of Dhahran, Saudi Arabia on June 25, 1996. Hezbollah, acting as an agent of the Islamic Republic of Iran and of IRGC, performed acts within the scope of its agency, within the meaning of 28 U.S.C. § 1605A, that caused the injuries to the Plaintiffs herein.

III.

STATEMENT OF FACTS

37.  Several years before the terrorist attack at issue here, the Islamic Republic of Iran had begun a program of carefully planned acts of terrorism designed to destabilize governments in the Middle East and export principles of Islamic fundamentalism. Its principal agents and political subdivisions and arms in this regard were the Iranian Ministry of Information and Security ("MOIS") and the Pasdaran or Iranian Islamic Revolutionary Guard Corps ("IRGC").

38.  In the early 1980's Iran, through MOIS and the IRGC, established Hezbollah in Lebanon as a terrorist organization employing tactics such as kidnapping, torture and murder. The MOIS and the IRGC provided funding, training and equipment to Hezbollah enabling it to pursue and achieve its mission of terrorism.  By the early 1990's, the activities of Hezbollah were no longer limited to Lebanon.  Its operatives were now operating in a number of countries utilizing the tactics taught to them in Iran and the Bekaa Valley in Lebanon at facilities established, operated and supported by the defendant.

39.  In this period, the presence of United States personnel in Saudi Arabia was viewed by the Iranian government as supportive of a Saudi monarchy, which was closely allied with Western governments. In Iran's view, a large-scale terrorist operation designed to kill Americans would expose the corruption of the house of Al-Saud and result in a revolution and the

establishment of an Islamic Republic in Saudi Arabia. The Iranian government, acting through MOIS, IRGC, and Hezbollah, began preparations for a bombing of a target associated with American interests.  In 1995, the defendant began months of preparation for such an operation. Hezbollah operatives began to scout potential Arabian targets. Small shipments of explosives were smuggled into Saudi Arabia and stored. An elaborate professional intelligence network was established to carry out the mission.

40.  By June of 1996, the bomb components had arrived in Saudi Arabia, including high explosives, incendiary materials, and sophisticated fuses as well as the tools for the bomb assembly. The Defendant selected and approved a target in Dhahran to be detonated by Hezbollah agents.

41.  In the evening of June 25, 1996, two men drove a stolen Mercedes Benz tanker truck containing the bomb into the Saudi compound that surrounded the American sector at the al-Khobar military area near Dhahran. They parked the truck 80-100 feet from a building which housed American personnel. The men drove away in a waiting Chevrolet Caprice, which had also been stolen as a getaway vehicle. A few minutes later, the bomb exploded.  The explosion killed dozens of persons including nineteen American servicemen.  Hundreds of others were injured.  The blast caused structural damage in buildings a quarter mile away.

42.  The servicemen and women who were present at the time suffered personal injury, an immediate anticipation of harm, pain and suffering, and emotional distress as a result of the terrorist explosion.  For most, the psychological wounds continue to this day.  Plaintiffs who are close family members suffered emotional distress when they learned of the attack on their loved ones and in the years afterwards, as well as loss of consortium and solatium damages.

## COUNT I

### ACTION FOR DAMAGES UNDER 28 U.S.C. SECTION 1605A(c)

43.  Plaintiffs repeat and incorporate by reference the allegations of all prior paragraphs as though fully set forth herein.

44.  Defendant provided material support and resources to Hezbollah, within the meaning of 28 U.S.C. Section 1605A(a), which caused, enabled and facilitated the terrorist attack at the Khobar Towers.

45.  That terrorist attack, which resulted in nineteen deaths, was an extrajudicial killing within the meaning of Section 1605A, and also caused great personal injury and damage to many others.

46.  Plaintiffs herein all suffered severe harm, including personal injury, emotional distress, mental anguish, pain and suffering, loss of companionship and society, and loss of consortium.

47. The conduct of Iran was criminal in nature, outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public warranting an award of punitive damages under 28 U.S.C. Section 1605A(c).

48.  Iran is therefore liable for the full amount of plaintiffs' damages and for punitive damages under 28 U.S.C. 1605A(c).

## COUNT II

### ACTION FOR PERSONAL INJURY (ASSAULT AND BATTERY)

49. Plaintiffs incorporate herein by reference all prior paragraphs as if fully set forth at length.

50. Defendant Iran intended to and did cause great physical harm, maiming, and death to plaintiffs and severe mental anguish and distress to their immediate family members by detonating a powerful explosive device in their immediate proximity.

51. As a result of defendants' actions, Plaintiffs who were service members present at the Khobar Towers, namely Plaintiffs Dobbins, Johns, Samples and King suffered physical and psychological injuries, and felt an immediate apprehension of harm, upon the detonation of the explosive device.

52. Under 28 U.S.C. Section 1605A(c), and general principles of tort law, Defendant the Islamic Republic of Iran is liable to plaintiffs who suffered personal injuries, physical, emotional, and psychological, and who suffered an immediate apprehension of harm, for their damages including pain and suffering.

53. Defendant the Islamic Republic of Iran is liable to plaintiffs because it controlled and acted in concert with Hizballah, and provided material support and assistance to Hizballah, in sponsoring its terrorist activities in Saudi Arabia.

54. WHEREFORE, Plaintiffs Dobbins, Johns, Samples and King demand that judgment be entered against Defendant for damages to compensate them for their injuries and pain and suffering in an amount to be determined at trial.

## COUNT III

## INTENTIONAL INFLICTION OF PERSONAL INJURY, PAIN AND SUFFERING, AND EMOTIONAL DISTRESS

### (28 USC Sections 1605A and 1606)

55.  Plaintiffs incorporate by reference all prior paragraphs as if fully set forth at length.

56.  The act of terrorism in detonating a bomb outside of the Khobar Towers complex in

Dhahran, Saudi Arabia, with the intent to kill and maim Americans and which in fact did kill and severely injure Americans, including Plaintiffs' family members, constituted extreme and outrageous conduct on the part of defendant Iran and Hizballah members and agents. The extensive planning and preparation which went into the attack further underscores the malicious and heinous nature of the terrorism involved.

57. As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizballah members, whose acts were funded and directed by Iran and by the IRGC, all Plaintiffs herein suffered severe personal injury, pain and suffering, and emotional distress, including extreme mental anguish.

58. Defendant is directly and vicariously responsible for Hizballah's actions because it funded, trained, and directed Hizballah and acted in concert with Hizballah in sponsoring the terrorist attack on Khobar Towers. It is responsible under state and federal substantive law as made applicable by 28 U.S.C. Section 1606 as well as under 28 U.S.C. Section 1605A.

59. All Plaintiffs were intended and directly affected victims of defendant's plan to intentionally inflict personal injury, pain and suffering, and emotional distress on the victims of their terrorist acts, and are entitled to compensation under applicable law.

60. For the reasons stated above, Defendant is liable to all Plaintiffs for intentional infliction of personal injury, pain and suffering, and emotional distress.

WHEREFORE, Plaintiffs demand that judgment be entered against Defendant in an amount to be determined at trial.

## COUNT IV

### SOLATIUM, PAIN AND SUFFERING AND LOSS OF CONSORTIUM

### 28 USC SECTION 1605A(c)

61.  Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth at length.

62.  As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizbollah members, whose acts were funded, directed and materially supported and assisted by defendant Iran and by the IRGC, Plaintiffs who were immediate family members of the servicemen injured in the Khobar Towers attack were deprived of the assistance, society and companionship of their family members for extended periods of time.  The family member Plaintiffs all suffered severe emotional distress and mental anguish as a result of the injuries to their loved ones and as a result of being deprived of their companionship. They are still deprived of the assistance, society, and companionship of the healthy and vibrant young men and women they knew and loved prior to the terrorist attack described above.  This has caused them to suffer, among other things, extreme mental anguish and emotional and physical pain and suffering.

63. As a result, all plaintiffs herein are entitled to damages for solatium and/or loss of consortium under applicable law.

64. For these reasons, Defendant is liable to plaintiffs in an amount to be determined at trial.

## Count V

## PUNITIVE DAMAGES

### 28 USC Section 1605A (c)

65. Plaintiffs incorporate by reference all prior paragraphs above as if fully set forth at length.

66.  The actions of defendant acting in concert with IRGC and Hizballah to carry out their unlawful objectives were malicious and willful, wanton and reckless in their disregard for human life and limb, and caused severe injuries to Plaintiffs and untold pain and suffering to those  Plaintiffs  who were the immediate family members and loved ones of the injured servicemen and servicewomen.

67.  The actions of Hizballah were undertaken at such time as they were operating for and in the service of Defendant Iran and the IRGC, and in concert with them, and which are therefore both vicariously and directly liable to plaintiffs.

68.  For the reasons stated above, Defendant Iran is liable to plaintiffs for punitive damages.  Plaintiffs demand an award of punitive damages against defendant in an amount to be determined by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant judgment in their favor and against Defendant Iran on Counts I through V, and grant Plaintiffs:

A.  Compensatory damages in favor of Plaintiffs as against Defendant in amounts to be determined by the Court;

B.  Punitive Damages in favor of Plaintiffs as against defendant in an amount to be determined by the Court;

C. Prejudgment interest from the date of the attack through the date a judgment and order is entered;

C.  Reasonable costs and expenses;

D.  Reasonable attorneys' fees; and

E.  Such other and further relief as the Court may determine to be just and equitable in the circumstances.


Respectfully submitted,


/s/ Paul G. Gaston
Paul G. Gaston (DC Bar # 290833)
LAW OFFICES OF PAUL G. GASTON
1101 Connecticut Avenue, NW, Suite 450
Washington DC 20036
202-296-5856
paul@gastonlawoffice.com

*Attorney for Plaintiffs*